**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TRAVELERS CASUALTY & SURETY | : | |
| COMPANY OF AMERICA, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| ALAMBRY FUNDING INC., et al., | : | NO. 11-4758 |
| | : | |
| Defendants. | : | |

**MEMORANDUM RE: MOTION TO DISMISS FOR FAILURE TO JOIN**
**INDISPENSABLE PARTIES**

**Baylson, J.**                                                      **December 8, 2011**

      Plaintiff Travelers Casualty and Surety Company of America ("Plaintiff") seeks

reimbursement from Defendants Alambry Funding Inc., Alambry Funding LLC, Orleans

Investment Land Associates, L.P. ("Orleans"), and OILA, Inc. ("OILA") (collectively,

"Defendants") under a General Contract of Indemnity (the "Indemnity Agreement") executed by

Plaintiff and Defendants, among others, for payments Plaintiff made to third-party claimants in

its capacity as surety under the terms of various surety bonds.  Pending before the Court is a

motion to dismiss filed by Defendants Orleans and OILA (collectively, the "OILA Defendants"),

pursuant to Rule 12(b)(7) of the Federal Rules of Civil Procedure, for failure to join

indispensable parties.

      For the reasons that follow, the OILA Defendants' motion to dismiss is denied.

**I.      Factual and Procedural Background**

      Plaintiff issued several surety bonds, under which Defendants' affiliates are principals, in

connection with residential subdivisions being developed by Defendants' affiliates.  (Cplt. ¶ 11.)

On or about May 14, 2003, as an inducement for Plaintiff to execute the bonds, Defendants and

Plaintiff entered into the Indemnity Agreement, under which Defendants, among others, agreed

to indemnify and exonerate Plaintiff, as well as its parents, subsidiaries, and affiliates, from all

losses and expenses connected in any way with the bonds.  (Id. ¶¶ 12, 18.)  Each Defendant is a

named Indemnitor under the agreement.  (Cplt. Exh. B ¶ 16.)  Defendants waived to the fullest

extent permitted by law any right to contest any payments made by Plaintiff on claims under the

bonds.  (Cplt. ¶ 19.)

In mid-2010, certain affiliates of Defendants reduced or suspended work on certain

projects bonded by Plaintiff.  (Id. ¶ 13.)  Certain of those affiliates also filed for bankruptcy

protection.  (Id.)

As a result of the reduced or suspended operations, Plaintiff received numerous claims

under the bonds for several of the projects. (Id. ¶ 14.)   On May 21, 2010, Plaintiff served a letter

on Defendants, reminding them of their obligations under the Indemnity Agreement and advising

them of pending bond claims.  (Id. ¶ 15.)  Because certain bonded projects were rejected in the

bankruptcy proceedings instituted by Defendants' affiliates, Plaintiff faces the prospect of

additional claims under the bonds.   (Id. ¶ 16.)

In March 2011, Plaintiff resolved two of the pending bond claims for $196,532.11 and

$280,445.17, respectively.  (Id. ¶ 17.)   Plaintiff has set a reserve against future claims in the

amount of $200,085.31.  (Id. ¶ 26.)  Plaintiff expects that amount to grow as it processes existing

claims and receives new claims.  (Id.)  The Indemnity Agreement requires Defendants to deposit

with Plaintiff collateral funds sufficient to cover any reserves set by Plaintiff.  (Id. ¶ 27.)

2

On May 13, 2011, Plaintiff served an indemnity demand letter on Defendants, seeking reimbursement for payments Plaintiff made on certain bonds, as well as for attorneys' fees incurred by Plaintiff.  (Id. ¶ 21.)  In that letter, Plaintiff also sought the opportunity to examine Defendants' books and records, as provided in the agreement in the event of a potential claim. (Id. ¶¶ 23, 24.)  On June 30, 2011, Plaintiff served a collateral demand on Defendants, seeking funds to cover the reserves set by Plaintiff.  (Id. ¶ 28.)    To date, Defendants have failed to indemnify Plaintiff or grant Plaintiff access to their books and records, though they have agreed to collateralize Plaintiff and have placed funds in the amount of $100,000 into escrow.  (Id. ¶¶ 22, 25; ECF No. 20, at 5.)

On July 28, 2011, Plaintiff filed this lawsuit against Defendants, alleging causes of action for indemnity (Count I), exoneration and quia timet (Count II), specific performance (Count III), and declaratory relief (Count IV).  On that date, Plaintiff also filed a motion for a preliminary and permanent injunction, compelling Defendants to post collateral to cover the reserves set by Plaintiff.  (ECF No. 2.)  On July 29, 2011, after being informed by Plaintiff's counsel that the parties resolved the motion, the Court issued an order denying Plaintiff's motion as moot.  (ECF No. 5.)

On October 11, 2011, the OILA Defendants filed a motion to dismiss the complaint for failure to join indispensable parties pursuant to Rule 12(b)(7) of the Federal Rules of Civil Procedure.  (ECF No. 16.)   On October 25, 2011, Plaintiff filed a response to the OILA Defendants' motion.  (ECF No. 20.)  The OILA Defendants did not file a reply in further support of their motion.

II.     **Parties' Contentions**

The OILA Defendants contend that the complaint should be dismissed because Plaintiff is required to join (1) the bond claimants and (2) the current owners of the bonded projects – absent parties that the OILA Defendants insist are indispensable to the action.  The OILA Defendants contend that, in the absence of these parties, the Court cannot accord complete relief to the existing parties.  According to the OILA Defendants, Plaintiff's right to reimbursement under the Indemnity Agreement depends on the validity of the bond claims – an issue that can only be resolved if the bond claimants and owners are joined because Defendants are not parties to the bonds.  In addition, the OILA Defendants contend that even if a judgment is rendered in Defendants' favor, it could impair or impede the ability of the bond claimants and owners to protect their interests.  Finally, the OILA Defendants contend that, regardless of the outcome of this action, the owners could unjustifiably suffer a detriment or, alternatively, reap a benefit.  In the OILA Defendants' view, if Plaintiff is not required to honor the bond claims, the owners could suffer a detriment because the bond claimants could proceed against them to complete the projects themselves.  On the other hand, if Plaintiff is required to honor the bond claims, the owners will benefit from the financing at no cost.

In response, Plaintiff contends that the bond claimants and current owners of the projects are not indispensable parties.  Contrary to the OILA Defendants' argument, Plaintiff contends that, in the absence of these parties, the Court can indeed accord complete relief to the existing parties because this action relates solely to Plaintiff's rights under the Indemnity Agreement and, thus, the validity of the underlying bond claims is irrelevant.  Moreover, Plaintiff contends that the absence of the bond claimants and the current owners will not impair their ability to protect

4

their interests because they are not parties to the Indemnity Agreement and they have no interest

in whether or not Plaintiff is reimbursed for claims that Plaintiff pays.  According to Plaintiff,

regardless of whether Defendants must indemnify Plaintiff under the agreement, the bond

claimants will get paid for claims that Plaintiff determines to be legitimate under the bonds.

Last, Plaintiff contends that the absence of the bond claimants and the current owners will not

subject Defendants to multiple or inconsistent obligations because Defendants are parties only to

the Indemnity Agreement, and not to the bonds.  Therefore, any direct liability to which

Defendants may be subject stems solely from the Indemnity Agreement.

## III.    Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the

parties are citizens of different states and the amount in controversy exceeds the sum or value of

$75,000, exclusive of interest and costs.

## IV.    Legal Standard

Pursuant to Rule 12(b)(7) of the Federal Rules of Civil Procedure, a party may move to

dismiss a complaint for "failure to join a party under Rule 19."  Fed. R. Civ. P. 12(b)(7).  In

reviewing a motion to dismiss under Rule 12(b)(7), a court "must accept all factual allegations in

the complaint as true and draw all reasonable inferences therefrom in favor of the non-moving

party."  State Auto. Mut. Ins. Co. V. Frameworkers.com, Inc., No. 11-CV-3271, 2011 WL

3204838, at *2 (E.D. Pa. July 27, 2011) (citing Pittsburgh Logistics Sys., Inc. v. C.R. England,

Inc., 669 F. Supp. 2d 613, 618 (W.D. Pa. 2009)).

Rule 19 "specifies the circumstances in which the joinder of a particular party is

compulsory."  Gen. Refractories Co. v. First State Ins. Co., 500 F.3d 306, 312 (3d Cir. 2007).

When making a Rule 19 determination, a court may consider evidence outside the pleadings.

State Auto., 2011 WL 3204838, at *2 (citing Pittsburgh Logistics, 669 F. Supp. 2d at 618;

Jurimex Kommerz Transit G.M.B.H. v. Case Corp., 201 F.R.D. 337, 340 (D. Del. 2001)).  The

moving party bears the burden of showing that a non-party is both necessary and indispensable

under Rule 19.  Id. (citing Pittsburgh Logistics, 669 F. Supp. 2d at 618; Develcom Funding, LLC

v. Am. Atl. Co., No. 09-CV-1839, 2009 WL 2923064, at *2 (D.N.J. Sept. 9, 2009)).

**V.   Discussion**

The determination of whether an action must be dismissed for failure to join a party

under Rule 19 requires a sequential analysis.  Initially, a court must determine whether an absent

party is a "required party" under Rule 19(a).  Gen. Refractories, 500 F.3d at 312.  Rule 19(a)(1)

provides that the absent party is a required party if:

> (A) in that person's absence, the court cannot accord complete relief among
>
> existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so
>
> situated that disposing of the action in the person's absence may:
>
> > (i) as a practical matter impair or impede the person's ability to protect the
> >
> > interest; or
> >
> > (ii) leave an existing party subject to a substantial risk of incurring double,
> >
> > multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).  "As Rule 19(a) is stated in the disjunctive, if either subsection is

satisfied, the absent party is a necessary party that should be joined if possible."  Koppers Co. v.

Aetna Cas. & Sur. Co., 158 F.3d 170, 175 (3d Cir. 1998).

If the court determines that the absent party is a required party under Rule 19(a), but that it would not be feasible to join the party,[1] then the court must determine whether "in equity and good conscience" the action should proceed without that party, or whether the action must be dismissed because that party is "indispensable" to the action under Rule 19(b). Gen. Refractories, 500 F.3d at 319. Under Rule 19(b), the court must consider the following factors to determine whether an absent party is indispensable to the action:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>
> (2) the extent to which any prejudice could be lessened or avoided by:
>
>> (A) protective provisions in the judgment;
>>
>> (B) shaping the relief; or
>>
>> (C) other measures;
>
> (3) whether a judgment rendered in the person's absence would be adequate; and
>
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b). "[T]he four factors listed, though not exhaustive, are 'the most important considerations' in determining whether a party is indispensable." Gen. Refractories, 500 F.3d at 320 (quoting Gardiner v. V.I. Water & Power Auth., 145 F.3d 635, 640 (3d Cir. 1998)).

If the court determines that an absent party is not a "required party" under Rule 19(a), it is

---

[1]"Being a 'required party' under Rule 19 is contingent upon the party being 'subject to service of process' and being a party 'whose joinder will not deprive the court of subject-matter jurisdiction,'" Disabled in Action of Pa. v. SEPTA, 635 F.3d 87, 99 n.2 (3d Cir. 2011) (quoting Fed. R. Civ. P. 19(a)(1)), conditions which the parties do not dispute at this juncture.

not necessary to answer the question of whether that party is "indispensable" to the suit under Rule 19(b). Shetter v. Amerada Hess Corp., 14 F.3d 934, 941 (3d Cir. 1994); Janney Montgomery Scott, Inc. v. Shepard Niles, Inc., 11 F.3d 399, 404 (3d Cir. 1993). "Only if a party cannot be joined under Rule 19(a), does Rule 19(b) come into play." Gardiner, 145 F.3d at 640.

In this case, the OILA Defendants have failed to demonstrate that the bond claimants and current owners are required parties under Rule 19(a). As an initial matter, it appears that no federal court has determined that joinder of bond claimants and property owners is required in an action brought by a surety against an indemnitor for reimbursement under an indemnity contract. To the contrary, at least one federal court has determined that joinder is not required in such circumstances. Liberty Mut. Ins. Co. v. Aventura Eng'g & Constr. Corp., 534 F. Supp. 2d 1290, 1317-18 (S.D. Fla. 2008) (rejecting argument on motion for summary judgment that claimant/owner under surety bond should be joined because: (1) claimant/owner's absence did not hinder court's ability to accord complete relief among the parties, (2) claimant/owner did not assert an interest relating to the subject matter of the action, even though it was aware of the action and would benefit from the judgment, and (3) neither surety nor indemnitor would be subject to risk of incurring inconsistent obligations because claimant/owner was not a party to the indemnity agreement).[2]

More importantly, as Plaintiff correctly observes, the validity of the underlying bond claims is irrelevant to the instant dispute. As a general matter, the indemnity agreement, rather than the surety bond, delineates the rights that a surety has against an indemnifying party.

---

[2]The OILA Defendants' reliance on Huntington v. American Manufacturers Mutual Insurance Co., 267 F.R.D. 449 (E.D.N.Y. 2010), is misplaced, as that case involved a surety claim, not an indemnity claim.

8

Accordingly, courts have rejected arguments similar to the contention advanced by the OILA Defendants that actual liability under the bonds must be established before a surety can seek indemnification under an express agreement.[3]  See U.S. Fidelity & Guar. Co. v. Feibus, 15 F. Supp. 2d 579, 583-84 (M.D. Pa. 1998) (holding that surety's right to indemnification was controlled by master surety agreement, not terms of bond entitling surety to indemnity only if principal was actually liable) (collecting cases); cf. 3 BRUNER & O'CONNOR ON CONSTRUCTION LAW § 10:103 (updated June 2011) ("Where a written agreement exists, the surety's indemnity rights will be determined by the contract rather than by common-law indemnity principles.").

Under the Indemnity Agreement, Plaintiff has the sole discretion to determine which bond claims are legitimate, and Defendants have waived their rights to contest those determinations.  The Indemnity Agreement specifically grants Plaintiff "the right, in its sole discretion . . . to adjust, settle, compromise or defend any claim, demand, suit or judgment upon any Bond."  (Cplt. Exh. B, ¶ 6.)  Moreover, the Indemnity Agreement provides that Defendants "waive, to the fullest extent permitted by applicable law, each and every right which they may have to contest such payment."  (Id. ¶ 10.)  Nothing in the Indemnity Agreement suggests that there must be a valid bond claim before Plaintiff can demand reimbursement from Defendants. Thus, there is simply no need for the Court to undertake an inquiry into the validity of the underlying bond claims.[4]  Accordingly, the OILA Defendants have not shown that, in the absence

---

[3]In Liberty Mutual, the court made this point in applying Florida law.  See 534 F. Supp. 2d at 1309 ("Under Florida law, the indemnity agreement, and not the performance bond, delineates the rights and obligations of a principal and surety.").

[4]If Defendants believe they should be reimbursed for their indemnification obligations from the current owners of the projects, they are free to assert claims against the owners.

of the bond claimants and current owners, the Court cannot accord complete relief to the existing

parties, Fed. R. Civ. P. 19(a)(1)(A), or that such absence would impair the ability of the bond

claimants and current owners to protect their interests, or leave an existing party subject to risk of

inconsistent obligations, Fed. R. Civ. P. 19(a)(1)(B).

Further, even if the Court were to determine that the bond claimants and current owners

are required parties under Rule 19(a), dismissal would not be the appropriate remedy.  "[T]he

nonjoinder of someone described in Rule 19(a) does not result in dismissal if that person can be

made a party to the action."  7 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL

PRACTICE AND PROCEDURE § 1611 (3d ed. 2004).  In such circumstances, the proper remedy is

for the court to order joinder.  See, e.g., Dintino v. Dorsey, 91 F.R.D. 280, 282-83 (E.D. Pa.

1981) (ordering dismissal of complaint unless within 30 days plaintiff filed amended complaint

joining landlord as defendant); A. & M. Gregos, Inc. v. Robertory, 384 F. Supp. 187, 194 (E.D.

Pa. 1974) (denying motion to dismiss, but ordering plaintiff to join necessary parties within 20

days).

As discussed above, the determination of whether an action should be dismissed for

failure to join a party requires a sequential analysis, applying Rule 19(a) first and then Rule

19(b).  Neither the OILA Defendants nor Plaintiff address the application of Rule 19(b),

presumably because there is insufficient information to determine whether the absent parties are

indispensable at this time.  Moreover, at no point do the OILA Defendants identify even a single

party that they believe to be indispensable to this action.  While Rule 19(b) mandates dismissal if

a court determines that an absent party is indispensable, Rule 19(a) contains no such language.

Thus, the OILA Defendants are effectively asking the Court to dismiss the instant action for

failure to join the bond claimants and current owners under Rule 19(a), even though the OILA Defendants have not provided any basis for the Court to determine that these parties are indispensable under Rule 19(b).

Accordingly, the Court will deny the OILA Defendants' motion to dismiss.  An appropriate order follows.

O:\CIVIL 11-12\11-4758 Travelers v. Alambry\Travelers Memo MTD.wpd